FILED
UNITED STATES DISTRICT COURT IN CLERKS OFFICE
FOR THE DISTRICT OF MASSACHUSETTS

05 CV 10227 W 2005 FEB -4  A 9: 33

U.S. DISTRICT COURT
DISTRICT OF MASS.

SUZANNE CARLSON

Plaintiff

v.                                          **Civil Action No.**

UNITED STATES OF AMERICA
Defendant

MAGISTRATE JUDGE _____

RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED____
LOCAL RULE 4.1____
WAIVER FORM____
MCF ISSUED____
BY DPTY. CLK. ____
DATE _____

**COMPLAINT**

Now comes the plaintiff, Suzanne Carlson, and complains of the Defendant, United States of America, as follows.

**JURISDICTION**

This cause of action is based upon 26 USCA Sec. 6320(c) and 6330(d)(1) which provide for actions by taxpayers for the appeal of determinations by the Internal Revenue that threatened or effectuated actions to collect unpaid tax is appropriate.

**PARTIES**

1.    The Plaintiff, Suzanne Carlson ("Ms. Carlson"), is an individual who resides at 10 Philips Farm Road, Marshfield, MA 02050.

2.    The Defendant is the United States of America.

## FACTS

3.  Ms. Carlson timely filed with the Internal Revenue Service a Request for a Collection Due Process Hearing in response to the filing of a Notice of Federal Tax Lien and a Final Notice, Notice of Intent to Levy.

4.  Internal Revenue Code Section 6330 (b) grants taxpayer's a hearing (the "Hearing") before an impartial officer.

5.  Internal Revenue Code Section 6330 (c) provides that at the hearing a person may raise any relevant issue relating to unpaid tax or the proposed levy including an "offer-in-compromise" ("Offer").

6.  Internal Revenue Code Section 6330(c)(3)(C) provides that a basis for a determination is whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary.

7.  On October 14, 2004 Ms. Carlson and her counsel attended a face-to-face conference with Settlement Officers Lisa Boudreau and Paul Reska of the Internal Revenue Service.

8.  At the hearing it was discussed that Ms. Carlson did not qualify to file an Offer in Compromise as she had not filed required tax returns.

9.  At the hearing Ms. Carlson requested the opportunity to file the unfiled returns. A date of November 30, 2004 was

2

established by the defendant for their filing.

10.   On November 23, 2004, Ms. Carlson's counsel wrote the Defendant to request an extension of time to provide the tax returns. The reasons for this request included significant health issues with Ms. Carlson's longtime companion and that her son had equally serious issues. The demands on Ms. Carlson's time from her companion's and her son's difficulties made it impossible for her to complete the accounting records which were a prerequisite to the filing of the returns. (Please see Exhibit 1.)

11.   On or about November 30, 2004, Ms. Boudreau wrote a letter denying Ms. Carlson's request for an extension of time. (Please see Exhibit 2)

12.   On January 5, 2005 the Internal Revenue Service issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (the "Determination"). (Copy attached hereto as Exhibit 3.)

## COUNT I

13.   The Plaintiff repeats and realleges paragraphs 1 through 12 of her complaint as fully set forth herein.

14.   Ms. Boudreau's decision to deny Ms. Carlson's request for additional time was predicated on her desire to promptly close the hearing.

15.   Ms. Boudreau's decision establishes that she was concerned not with a full, complete and impartial hearing but

3

with the minimization of the time that the hearing would be recorded in the records of the Defendant.

16. The hearing was not properly held due to the bias of the Settlement Officer.

Wherefore, Ms. Carlson demands:

1. That this matter be remanded to the Service for full consideration.

2. That the Court enter judgment against the Service together with interest and costs.

## COUNT II

17. The Plaintiff repeats and realleges paragraphs 1 though 16 of his complaint as fully set forth herein.

18. The defendant's failure to hold a full, impartial and complete hearing was violative of the rights granted to Ms. Carlson by the Internal Revenue Code and the Fifth Amendment to the United States Constitution.

Wherefore, Ms. Carlson demands:

1. That this matter be remanded to the Service for full consideration.

2. That the Court enter judgment against the Service together with interest and costs.

## COUNT III
(Attorney's Fees)

19. The Plaintiff repeats and realleges paragraphs 1 through 18 of her complaint as fully set forth herein.

4

20.   The Plaintiff has incurred and continues to incur attorney's fees in this action. She is entitled to an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 USC Sec. 2412 (b) and IRC Sec. 7430.

WHEREFORE, for the foregoing reasons, the Plaintiff prays this honorable Court for:

a.   Judgment against the Defendant, United States of America; and,

b.   Plaintiff's attorney's fees and costs in this action to be paid by the Defendant pursuant to 28 USC Sec. 2412(b) and IRC Sec. 7430; and,

c.   Any and all other remedies that this honorable court deems appropriate.

## Trial by Jury

The plaintiff requests a trial by jury on those issues so trialable.

Suzanne Carlson
by her Attorney


_____
Timothy J. Burke
Burke & Associates
400 Washington Street
Braintree, MA 02184
(781) 380-0770

Dated: February 3, 2005

# BURKE & ASSOCIATES
## ATTORNEYS-AT-LAW

400 Washington Street, Suite 303, Braintree, MA 02184
Telephone (781) 380-0770  ■  Facsimile (781) 848-0330
www.burkelaw.us



November 23, 2004

<u>Via Facsimile and Regular Mail</u>
Lisa Boudreau
Internal Revenue Service
10 Causeway Street
Room 401
Boston, MA  02222-1061

Re: <u>Suzanne Carlson</u>

Dear Ms. Boudreau,

I am writing regarding the status of the above referenced taxpayer's efforts to complete the accounting for her personal returns and her corporate returns.

Ms. Carlson reports that she has made substantial progress in completing her accounting records. The two largest bank accounts have been reconciled as of this date.

Unfortunately, she has been unable to dedicate sufficient time to complete her accounting records by November 30, 2004 due to the significant health issues of her longstanding friend. These issues include his losing his sight in one eye, diabetes and surgery on one of his feet. This series of medical issues has required Ms. Carlson to drive her friend to many medical appointments and to expend considerable time attending to his needs. Additionally, Ms. Carlson's son has been involved in some mischief which has required the expenditure of her time.

For these reasons, the taxpayer asks for an extension of thirty days to respond to your request for information.

Kindly contact me with any questions that you may have.

Very truly yours,

Timothy Burke

cc.  Client

# BURKE & ASSOCIATES

ATTORNEYS AT LAW
400 WASHINGTON STREET
BRAINTREE, MA 02184
TELEPHONE (781)380-0770
FACSIMILE (781)848-0330

FACSIMILE COVER SHEET

DATE: November 23, 2004

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

NAME: Lisa Boudreau

FIRM: INTERNAL REVENUE SERVICES

FAX TELEPHONE NUMBER: (617) 788-0675

FROM:    TIMOTHY J. BURKE, ESQUIRE

We are transmitting ____ pages (including this cover sheet).

If you do not receive all of the pages, please call back
Yana Reagan or Timothy Burke as soon as possible.

Firm Telephone Number:    (781) 380-0770
Fax Telephone Number:     (781) 848-0330

COMMENTS: Please deliver immediately.  Thank you.

CONFIDENTIALITY NOTICE

The documents accompanying this telecopy transmission contain confidential
or privileged information from the law firm of Burke & Associates.  The
information is intended to be for the use of the individual or entity named on
this transmission sheet.  If you are not the intended recipient, be aware that
any disclosure, copying, distribution or use of the contents of this telecopied
information is prohibited.  If you have received this fax in error, please notify
us by telephone immediately so that we can arrange for the retrieval of the
original documents at no cost to your office.
Thank you for your assistance.

**EXHIBIT 2**

Internal Revenue Service                Department of the Treasury
Appeals Office
10 Causeway Street                      Person to Contact:                    **FILE COPY**
Room 493                                 Lisa S. Boudreau
Boston, MA 02222                         Employee ID Number: 04-05025
                                         Tel:  (617) 788-0634
                                         Fax:  (617) 788-0675
Date: November 30, 2004                 Refer Reply to:
                                         AP:FE:BOS:LSB
                                        In Re:
SUZANNE CARLSON                          CDP Lien and Levy
10 PHILLIPS FARM ROAD                   Tax Period(s) Ended:
MARSHFIELD MA 02050                      09/2001 12/2001 03/2002 06/2002
                                         09/2002 12/2002 03/2003


Dear Ms. Carlson:

I received a letter from your representative, Timothy Burke, requesting an additional 30 days for
the income tax returns and other information discussed at our conference and detailed in my
letter of October 14, 2004. At the conference a period of six weeks was given for the requested
information to be provided. This was a reasonable time frame and no additional extension is
being granted. As stated in my previous correspondence, my determination will be made with the
information available on November 30, 2004.

If you have any questions please contact me at the address and telephone number above.

                            Sincerely,



                            Lisa S. Boudreau
                            Settlement Officer


cc: Timothy J Burke

**Internal Revenue Service**
Appeals Office
10 Causeway Street
Room 493
Boston, MA 02222

Date: November 30, 2004

TIMOTHY J BURKE
400 WASHINGTON STREET, SUITE 303
BRAINTREE MA 02184

**Department of the Treasury**

**Person to Contact:**
Lisa S. Boudreau
Employee ID Number: 04-05025
Tel: (617) 788-0634
Fax: (617) 788-0675
**Refer Reply to:**
AP:FE:BOS:LSB
**In Re:**
SUZANNE CARLSON
**SSN/EIN Number:**
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
**Tax Period(s) Ended:**
09/2001 12/2001 03/2002 06/2002
09/2002 12/2002 03/2003

Dear Sir:

We are sending you the enclosed material under the provisions of your power of attorney or other authorization on file with us.

If you have any questions, please call the contact person at the telephone number shown in the heading of this letter.

Thank you for your cooperation.

Sincerely,

Lisa S. Boudreau
Settlement Officer

**EXHIBIT 3**

FILE COPY

Internal Revenue Service
Appeals Office
10 Causeway Street
Room 493
Boston, MA 02222

**JAN 0 5 2005**

Date:

SUZANNE CARLSON
10 PHILLIPS FARM ROAD
MARSHFIELD MA 02050

Department of the Treasury

**Person to Contact:**
Lisa S. Boudreau
Employee ID Number: 04-05025
Tel:  (617) 788-0634
Fax:  (617) 788-0675
**Refer Reply to:**
AP:FE:BOS:LSB
**SSN/EIN Number:**
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
**Tax Type/Form Number:**
Civil Penalty
**In Re:**
Collection Due Process Hearing
(District Court)
**Tax Period(s) Ended:**
09/2001 12/2001 03/2002 06/2002
09/2002 12/2002 03/2003

**Certified Mail**

## NOTICE OF DETERMINATION
### CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330

Dear Ms. Carlson:

We have reviewed the taken or proposed collection action for the period(s) shown above. This
letter is your Notice of Determination, as required by law. A summary of our determination is
stated below.  The attached statement shows, in detail, the matters we considered at your Appeals
hearing and our conclusions.

If you want to dispute this determination in court, you have 30 days from the date of this letter to
file a complaint in the appropriate United States District Court for a redetermination.

The time limit for filing your complaint (30 days) is fixed by law. The courts cannot consider
your appeal if you file late. If the court determines that you made your complaint to the wrong
court, you will have 30 days after such determination to file with the correct court.

If you do not file a complaint with the court within 30 days from the date of this letter, your case
will be returned to the originating IRS office for action consistent with the determination
summarized below and described on the attached page(s).

If you have any questions, please contact the person whose name and telephone number are shown above.

**Summary of Determination**

The Notice of Federal Tax Lien will remain in full force and effect until satisfied or unenforceable. Issuance of the Final Notice and the proposed levy action are fully sustained.

Sincerely,

Linda Rolf
Appeals Team Manager

cc: Timothy J Burke

Attachment to Letter 3194 (DC)
Taxpayer: Suzanne Carlson

- Request timely submitted under IRC §6320 and §6330

| | Type of Tax(es) | Tax Period(s) | Date of CDP Notice | Date CDP Request Received or Postmark | Code Section |
|---|---|---|---|---|---|
| 1 | Civil Penalty IRC §6672 | 9/30/2001 | 6/25/2004 | 7/23/2004 | 6320 |
| 1 | Civil Penalty IRC §6672 | 12/31/2001 | 6/25/2004 | 7/23/2004 | 6320 |
| 1 | Civil Penalty IRC §6672 | 3/31/2002 | 6/25/2004 | 7/23/2004 | 6320 |
| 1 | Civil Penalty IRC §6672 | 6/30/2002 | 6/25/2004 | 7/23/2004 | 6320 |
| 1 | Civil Penalty IRC §6672 | 9/30/2002 | 6/25/2004 | 7/23/2004 | 6320 |
| 1 | Civil Penalty IRC §6672 | 12/31/2002 | 6/25/2004 | 7/23/2004 | 6320 |
| 1 | Civil Penalty IRC §6672 | 3/31/2003 | 6/25/2004 | 7/23/2004 | 6320 |
| 2 | Civil Penalty IRC §6672 | 9/30/2001 | 6/23/2004 | 7/23/2004 | 6330 |
| 2 | Civil Penalty IRC §6672 | 12/31/2001 | 6/23/2004 | 7/23/2004 | 6330 |
| 2 | Civil Penalty IRC §6672 | 3/31/2002 | 6/23/2004 | 7/23/2004 | 6330 |
| 2 | Civil Penalty IRC §6672 | 6/30/2002 | 6/23/2004 | 7/23/2004 | 6330 |
| 2 | Civil Penalty IRC §6672 | 9/30/2002 | 6/23/2004 | 7/23/2004 | 6330 |
| 2 | Civil Penalty IRC §6672 | 12/31/2002 | 6/23/2004 | 7/23/2004 | 6330 |
| 2 | Civil Penalty IRC §6672 | 3/31/2003 | 6/23/2004 | 7/23/2004 | 6330 |

As the taxpayer's request for a Collection Due Process (CDP) Hearing in items #1 under IRC §6320 was not more than 5 business days from the filing of the Notice of Federal Tax Lien plus 30 calendar days, the taxpayer was granted an Collection Due Process Hearing.

As the taxpayer's request for a Collection Due Process (CDP) Hearing in items #2 under IRC §6330 is not more than 30 days from the date of the Final Notice the taxpayer was granted a Collection Due Process Hearing.

-2-

## Summary and Recommendation

The taxpayer submitted a "Request for a Collection Due Process Hearing" in response to both a Notice of Federal Tax Lien filed on June 24, 2004 by Revenue Officer Daniel Yee and a Final Notice, Notice of Intent to Levy and Your Right to a Hearing issued on June 23, 2004, also by Revenue Officer Daniel Yee. The Notice of Federal Tax Lien reflects civil penalty liabilities assessed under Internal Revenue Code §6672 for the quarters ending September 30, 2001, December 31, 2001, March 31, 2002, June 30, 2002, September 30, 2002, December 31, 2002 and March 31, 2003 in the amount of $135,261.13. The Final Notice, Notice of Intent to Levy and Your Right to a Hearing also reflects unpaid civil penalty liabilities for the same periods and is in the amount of $137,203.96.

The taxpayer indicated that she would like to submit an offer in compromise as a collection alternative. The taxpayer has not filed all required income tax returns, so she does not qualify to submit an offer in compromise for consideration. No viable collection alternative was proposed. The Notice of Federal Tax Lien will remain in full force and effect until satisfied or unenforceable. Issuance of the Final Notice and the proposed levy action are fully sustained.

## Brief Background

Ms. Carlson operates an alarm business. She originally operated Universal Security Alarms as a sole proprietorship which was established in March of 2000 and first filed forms 941 for the quarter ending June 30, 2000. The business did not pay the bulk of the withheld taxes for the third and fourth quarters of 2001 and then closed out its filing requirements. The sole proprietorship currently owes employment taxes in excess of $100,000.00.

Ms. Carlson also established a corporation, universal Security Alarms Inc. during the third quarter of 2000. The business is required to file forms 941, 940 and 1120S. The business first filed form 941 for the quarter ending September 30, 2001. It never made appropriate Federal Tax Deposits and accrued significant trust fund taxes. The Trust Fund Recovery Penalty assessments under Internal Revenue Code §6672 which are at issue in this hearing are based on trust fund taxes withheld and not turned over by this corporation.

Ms. Carlson filed for chapter 13 bankruptcy protection on June 12, 2002. The case was dismissed and terminated 11/26/2002. Ms. Carlson filed for chapter 7 bankruptcy protection on October 23, 2003. A discharge was granted on March 12, 2004. The taxes at issue are not dischargeable.

Ms. Carlson has not filed income tax returns since the calendar year ending December 31, 1999. Available income information indicates that she is required to file for at least some of those years

3 -

The taxpayer's representative stated on the attachment to F12153 that the taxpayer is requesting an offer in compromise as a collection alternative.

# Discussion and Analysis

## MATTERS CONSIDERED AT THE APPEALS HEARING

### I. Verification of Applicable Law and Administrative Procedures.

A review of the administrative file indicates that statutory and administrative requirements that needed to be met with respect to the filing of the Notice of Federal Tax Lien and the proposed levy were in fact met in this case.

Internal Revenue Code (IRC) Section 6321 provides for a statutory lien when a taxpayer neglects or refuses to pay a tax liability after notice and demand. Notice and demand was verified on transcripts. Obligations of the above cited tax periods remain unpaid.

IRC Section 6320 provides that the Internal Revenue Service (IRS) will notify a taxpayer of the filing of a notice of lien and of the right to a hearing before the IRS Office of Appeals with respect to the filing of a Notice of Federal Tax Lien. Letter 3172 dated June 25, 2004, "Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320" was sent via certified mail, and the Service received a timely response on June 23, 2004, in the form of the subject appeal.

This hearing was provided under both IRC Section 6320 with respect to a Notice of Federal Tax Lien and IRC Section 6330 with respect to a proposed levy. A levy is a legal seizure of a taxpayer's property to satisfy a tax debt. If a taxpayer does not pay his/her taxes, or make arrangements to settle a tax debt, the IRS may seize and sell any type of real or personal property the taxpayers owns or has an interest in. IRS may also levy a taxpayer's wages.

IRC § 6331 empowers the Service to use levy action to collect taxes on all property or rights to property belonging to the taxpayer or on which there is a federal tax lien.

IRC § 6331(d) requires that IRS notify a taxpayer at least 30 days before the day of levy. The record shows that such a notice was mailed via certified mail, return receipt requested, on June 23, 2004.

IRC § 6330(a)(1) specifically provides that no levy may be made unless the IRS notifies a taxpayer of:

- The Service's intention to levy, and
- The taxpayer's opportunity for a hearing with the IRS Office of Appeals.

4-

- This notice (which is combined with the notice required under IRC § 6331(d) on Letter 1058/LT 11) was mailed on June 23, 2004 via certified mail, return receipt requested.

Under Service procedures, a final notice of proposed levy is supposed to be sent only when the Service has identified potential levy sources. According to the record, levy sources were identified.

IRC Section 6320(b) and Section 6330(b) guarantee the right to a fair hearing by the Internal Revenue Office of Appeals. The hearing is to be conducted by an impartial officer who has had no previous dealing with respect to the unpaid tax. The Settlement Officer assigned to hear this case has had no prior involvement with respect to any of the tax liabilities which are part of this hearing.

An unsigned form 12153 was originally received for forms 1040 on July 9, 2004. No appeal able action has taken place on forms 1040 so this was not a valid request for a Collection Due Process hearing regarding the taxpayer's forms 1040. A power of attorney form and Collection Due Process hearing request for the periods at issue was received on July 23, 2004. This is a timely hearing request. The collection statute and collection actions have been suspended.

## II. Relevant Issues Presented by the Taxpayer:
A face to face conference was held with the taxpayer and her representative, Timothy Burke on October 14, 2004. Settlement Officer Paul Reska was also present at the conference. The conference was recorded at the request of Mr. Burke.

- **Challenges to the Existence or Amount of the Liability.** The liability is due to assessment of the trust fund recovery penalty based on withheld taxes not turned over by Ms. Carlson's company. Ms. Carlson already had the opportunity to come before appeals prior to assessment of the liability. Liability issues are precluded from consideration and none were raised.

- **Challenges to the Appropriateness of the Proposed Collection Action.** The taxpayer felt that an offer in compromise was a more appropriate action due to her circumstances.

- **Collection Alternatives Offered by the Taxpayer.** An offer in compromise was proposed as a collection alternative. The taxpayer had not filed forms 1040 for 2000, 2001, 2002 or 2003 so she did not qualify to submit an offer in compromise. She was given six weeks, until November 30, 2004, to prepare and file the returns, as well as to provide completed collection information statements, a breakdown of Ms. Carlson's income from January 1, 2004 through October 31, 2004, as well as payment of any required estimated tax payments.

Ms. Carlson did not complete any of the required actions. On November 29, 2004 a letter was received from Mr. Burke requesting an additional extension of time to have the income tax returns completed. No additional time was granted, and a letter

- 5 -

was sent to Ms. Carlson, with a copy to Mr. Burke, confirming that the determination would be made with the information available on November 30, 2004. Ms. Carlson does not qualify to submit an offer in compromise.

Other collection alternatives such as placing the account into currently not collectible status or an installment agreement were considered but were also not viable to to the taxpayer's lack of filing compliance. No viable collection alternative was proposed.

- **Other Issues Raised by the Taxpayer.** No other issues were raised.


### III. Balancing of the Need for the Efficient Collection of the Taxes With the Concerns That the Collection Action Be No More Intrusive Than Necessary.

Ms. Carlson proposed an offer in compromise as a less intrusive means to satisfy her liability. She did not qualify to submit an offer due her lack of compliance with required filings and possible estimated tax payments. Ms. Carlson was given an opportunity to become compliant with filing and payment requirements. Her representative agreed at the conference that the six week time frame given to comply was reasonable. The taxpayer did not file outstanding returns, provide current income information, or provide any other information. No viable collection alternative was proposed. Filing of the Notice of Federal Tax Lien and issuance of the Final Notice and the proposed levy action are necessary to provide for the efficient collection of the taxes despite the potential intrusiveness of enforced collection.

**Internal Revenue Service**
Appeals Office
10 Causeway Street
Room 493
Boston, MA 02222

Date: **JAN 0 5 2005**

TIMOTHY J BURKE
400 WASHINGTON STREET, SUITE 303
BRAINTREE MA 02184

**Department of the Treasury**

**Person to Contact:**
 Lisa S. Boudreau
 Employee ID Number: 04-05025
 Tel: (617) 788-0634
 Fax: (617) 788-0675
**Refer Reply to:**
 AP:FE:BOS:LSB
**In Re:**
 SUZANNE CARLSON
**SSN/EIN Number:**
 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
**Tax Period(s) Ended:**
 09/2001 12/2001 03/2002 06/2002
 09/2002 12/2002 03/2003

Dear Sir:

We are sending you the enclosed material under the provisions of your power of attorney or other authorization on file with us.

If you have any questions, please call the contact person at the telephone number shown in the heading of this letter.

Thank you for your cooperation.

Sincerely,

Linda Rolf
Appeals Team Manager

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Suzanne Coulson

## DEFENDANTS

United States

FILED
IN CLERKS OFFICE

2005 FEB -4 A 9:33

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  DISTRICT COURT
(IN U.S. PLAINTIFF CASES ONLY) MASS

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Timothy Burke
400 Washington St, Suite 303
Braintree, MA 02154

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☑ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| | | **PERSONAL INJURY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 362 Personal Injury — Med. Malpractice | ☐ 660 Occupational Safety/Health | ☐ 830 Patent |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 365 Personal Injury — Product Liability | ☐ 690 Other | ☐ 840 Trademark |
| | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | **LABOR** | **SOCIAL SECURITY** |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | | ☐ 862 Black Lung (923) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | | ☐ 864 SSID Title XVI |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☑ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 871 IRS — Third Party 26 USC 7609 |
| ☐ 240 Torts to Land | | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 891 Agricultural Acts |
| | | ☐ 550 Civil Rights | | ☐ 892 Economic Stabilization Act |
| | | ☐ 555 Prison Condition | | ☐ 893 Environmental Matters |
| | | | | ☐ 894 Energy Allocation Act |
| | | | | ☐ 895 Freedom of Information Act |
| | | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | | | | ☐ 950 Constitutionality of State Statutes |
| | | | | ☐ 890 Other Statutory Actions |

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

26 USCA § 6320(c) and 26 USCA § 6330(d)(1)
Appeal of a determination by IRS

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☑ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE   2/3/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _Suzanne Carlson_ v
_United States_

FILED
IN CLERKS OFFICE

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL.
COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

2005 FEB -4  A  9: 33

___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

U.S. DISTRICT COURT

___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,  *Also complete AO 120 or AO 121
         740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.  for patent, trademark or copyright cases

DISTRICT OF MASS.

___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
         315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
         380, 385, 450, 891.

_X_ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
         690, 810, 861-865, 870, 871, 875, 900.

___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE
HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

_No_

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
COURT?                                                      YES    (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
PUBLIC INTEREST?  (SEE 28 USC §2403)
                                                           YES    (NO)
IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                           YES     NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
28 USC §2284?                                              YES    (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE
SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                          YES              NO

A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
    (EASTERN DIVISION)        CENTRAL DIVISION        WESTERN DIVISION

B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
    GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
    EASTERN DIVISION          CENTRAL DIVISION        WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Timothy Burke_
ADDRESS _400 Washington St, St 303, Braintree, MA 02184_
TELEPHONE NO. _781-380-0770_

(Cover sheet local.wpd - 11/27/00)