UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUZANNE CARLSON, )<br> )<br> Appellant )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA )<br> )<br> Appellee _)<br>_____ ) | Civil Action No. 05-10227-WGY |

**MEMORANDUM IN SUPPORT OF THE UNITED STATES OF AMERICA'S MOTION TO AFFIRM THE APPEALS OFFICER'S DETERMINATION OR TO DISMISS THE APPEAL, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

The United States of America submits this memorandum of law in support of its MOTION TO AFFIRM THE APPEALS OFFICER'S DETERMINATION OR TO DISMISS THE APPEA;, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT.

**STATEMENT OF ISSUES PRESENTED**

1. Whether the determination of the Internal Revenue Service Appeals Officer should be affirmed because the Appeals Officer verified that the requirements of any applicable law or administrative procedure have been met, considered all issues raised at a collection due process hearing, and determined the Notice of Federal Tax Lien is proper and that enforced collection of the taxpayer's past-due federal tax liabilities is appropriate.

2. Whether the appeal should be dismissed because it fails to state a claim upon which relief can be granted, or in the alternative, whether summary judgment should be granted in favor of the United States.

## FACTS

The appellant, Suzanne Carlson ("Carlson") seeks judicial review, under 26 U.S.C. §§ 6320(c) and 6330(d)(1), of the determination of the Internal Revenue Service Appeals Officer sustaining the United States' Notice of Federal Tax Lien and the Internal Revenue Service's intent to levy Carlson's assets in order to satisfy Carlson's past-due federal tax liabilities.

Trust Fund Recovery Penalties, under 26 U.S.C. § 6672 ("Section 6672"), were assessed against Carlson as a person required to collect, truthfully account for, and pay over federal taxes withheld from the employees of University Security Alarms, Inc., a company that she owned, for the tax periods ended September, 30 2001, December 31, 2001, March 31, 2002, June 30, 2002, September 30, 2002, December 31, 2002, and March 31, 2003. (R. 003, 033-045.) These liabilities ("the past-due liabilities") totaled $138.725.50, including penalties and interest, as of October 25, 2004.

On June 23, 2004, the Internal Revenue Service ("IRS") sent to Carlson a FINAL NOTICE - NOTICE OF INTENT TO LEVY AND YOUR RIGHT TO A HEARING ("Final Notice"), as required under Internal Revenue Code (26 U.S.C.) ("IRC") § 6330(a). (R. 050.) The Final Notice informed Carlson that the IRS intended to levy, under IRC § 6331, upon all of Carlson's property and rights to property, in order to satisfy the past-due liabilities. (R. 050.) The Final Notice also notified Carlson that she had the right under IRC § 6330 to appeal the IRS's intent to levy to the IRS Appeals Office. (R. 050.) On June 25, 2004, the IRS sent to Carlson a NOTICE OF FEDERAL TAX LIEN AND YOUR RIGHT TO A HEARING UNDER IRC 6320 ("Notice of Lien Filing"). (R. 069.) The Notice of Lien Filing informed Carlson that the United States had filed a NOTICE OF FEDERAL TAX LIEN one day earlier, and that the lien attaches to all of Carlson's property and

2

rights to property. (R. 069.) It also informed Carlson, as did the Final Notice, that she had a right to a hearing to appeal the collection action and to discuss payment method options. (R. 69.)

On July 23, 2004, the IRS received from Carlson, pursuant to IRC §§ 6320 and 6330, a REQUEST FOR A COLLECTION DUE PROCESS HEARING (Form 12153) executed by Timothy J. Burke, Carlson's Power of Attorney and her counsel in this appeal. (R. 048-049.) Acknowledging receipt of the case for consideration, the IRS Appeals Office, on August 18, 2004, sent to Carlson (and to Attorney Burke) a letter describing the appeals process. (R. 029-030.) The 2-page letter informed Carlson, *inter alia*, of the following: (i) she had not filed federal income tax returns for tax years 2000, 2001, 2002, and 2003; (ii) the law requires that an individual be current with federal income tax return filings before a collection alternative can be considered; and (iii) the delinquent tax returns should be filed by September 17, 2004 (almost one month later, and more than three years after the earliest unfiled return was first due). On September 8, 2004, the Appeals Officer sent to Attorney Burke a letter scheduling the collection due process hearing ("CDP hearing") for October 11, 2004, and informing Attorney Burke of the procedure to be followed by the Appeals Officer and by Carlson, as prescribed by law, including the requirement for consideration of collection alternatives that all delinquent federal tax returns be filed. (R. 022-024.) Attorney Burke acknowledged receipt of the September 8 letter, and corresponded with the Appeals Officer to reschedule the hearing (R. 021); the hearing was rescheduled for October 14, 2004 (almost 2 months after Carlson was notified of the requirement that she file delinquent tax returns). (R. 020.)

Despite the notices informing Carlson and Attorney Burke of the tax return filing

requirement, Carlson failed to file her returns before the CDP hearing on October 14, 2004.  At the CDP hearing, the Appeals Officer discussed with Attorney Burke Carlson's failure to file the delinquent returns, and the effect that had of foreclosing consideration of collection alternatives.  (R. 018.)  The Appeals Officer and Attorney Burke agreed at the CDP hearing that Carlson would provide specific financial information and file the delinquent tax returns no later than November 30, 2004– more than 45 days later.  (R. 018-019.)

On November 23, 2004, Attorney Burke sent to the Appeals Officer a letter requesting an additional thirty days to respond to the Appeals Officer's information request and to continue her "efforts to complete the accounting for her personal [tax] returns. . . ."  (R. 017.)  The reasons given by Mr. Burke for Carlson's latest failure to file her delinquent tax returns and other requested information were as follows: (i) Carlson's **friend** was losing his sight in one eye, had diabetes, and had surgery on one of his feet; (ii) Carlson "expended considerable time" attending to that friend's needs; and (iii) Carlson's son had "been involved in some mischief which [had] required the expenditure of her time."  (R. 17.)  The Appeals Officer denied the request on November 30, 2004.  (R. 015.)

On January 5, 2005, the IRS Appeals Office sent to Carlson its NOTICE OF DETERMINATION CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 AND/OR 6330, ("Notice of Determination") sustaining IRS intent to levy, and keeping the Notice of Federal Tax Lien on file.  (R. 007-008.)[1/]

---

[1/] The IRC provides for retention by the IRS Appeals Office of jurisdiction over this matter after the CDP hearing, including subsequent hearings Carlson could have requested.  26 U.S.C. 6330(d)(2).  Carlson failed to request reconsideration of this matter by the Appeals Officer after the November 30, 2004 filing deadline had passed and before the Notice of Determination was sent more than thirty days later on January 5, 2005, or at any time thereafter.

Carlson timely filed this appeal alleging that the Appeals Officer was biased, and that the CDP hearing was therefore improper. (Compl. at ¶ 16). Carlson further alleges that her Fifth Amendment rights have been violated.

## ARGUMENT

**I.    THE INTERNAL REVENUE SERVICE APPEALS OFFICER'S DETERMINATION SHOULD BE AFFIRMED**

The Appeals Officer's determination in this matter should be affirmed because the Appeals Officer did not abuse her discretion, and held a fair and impartial CDP hearing.

**A.    Sections 6320 and 6330 of the Internal Revenue Code**

Section 6320 of the IRC provides that if the IRS files a Notice of Federal Tax Lien with respect to a taxpayer's tax liability, the taxpayer must be given notice of the right to a hearing before the IRS Office of Appeals. 26 U.S.C. § 6320(a)(2). During the hearing, the IRS is to consider various issues related to the unpaid tax liability, such as spousal defenses, challenges to the appropriateness of the collection actions, and offers of collection alternatives. 26 U.S.C. §§ 6320(b)(4) and (c) (incorporating portions of § 6330).

Section 6330 of the IRC provides that, except for jeopardy levies or levies on state tax refunds, no levy may be made on any property or rights to property of any taxpayer unless the IRS sends the taxpayer a collection due process notice, which notifies the taxpayer of the right to a CDP hearing, at least thirty days before the levy is made. See 26 U.S.C. § 6330(a). Here, Carlson timely requested and received a CDP hearing.

Section 6330(c) provides that a taxpayer may raise at the CDP hearing any relevant issue relating to the unpaid tax or the proposed levy, including challenges to the appropriateness of

collection actions and offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise. See 26 U.S.C. § 6330(c)(2)(A). The taxpayer may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability. See 26 U.S.C. § 6330(c)(2)(B). At the CDP hearing, Carlson raised only the issues of the appropriateness of collection action, and offers of collection alternatives. (R. 012-013, R. 049, Compl. at ¶¶ 8-9.) In seeking district court review of the determination, the taxpayer can only ask the court to consider the issues that were raised in the taxpayer's CDP hearing. See 26 C.F.R. § 301.6330-1(f), Q-F5/A-F5.

With a view beyond the end of the CDP hearing, Section 6330(d) provides a taxpayer with a right to judicial review of the determination made at the CDP hearing.[2] The standard of review a court should apply in reviewing the administrative determination is abuse of discretion where, as here, the amount of tax liability was not in dispute at the hearing. H. Conf. Rept. 105-599, at 266 (1998) ("Where the validity of the tax liability is not properly part of the appeal, the taxpayer may

---

[2] Section 6330(d) states:

> (d) PROCEEDING AFTER HEARING.–
>
>> (1) JUDICIAL REVIEW OF DETERMINATION.–The person may, within 30 days of a determination under this section, appeal such determination–
>>
>> (A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or
>>
>> (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.
>
> If the court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.

6

challenge the determination of the appeals officers for abuse of discretion."); see also <u>MRCA Info. Servs. v. United States</u>, 145 F. Supp.2d 194, 199 (D.Conn.2000); <u>AJP Management v. United States</u>, 2000 WL 33122693, *1 (C.D.Cal); <u>Mesa Oil, Inc. v. United States</u>, 2000 WL 1745280, *2 (D.Colo.); <u>TTK Management v. United States</u>, 2000 WL 33122706, *1 (C.D.Cal.); <u>Sego v. Comm'r of Internal Revenue</u>, 114 T.C. 604, 609-610 (2000); <u>Goza v. Comm'r of Internal Revenue</u>, 114 T.C. 176, 181-182 (2000).

  **B. Carlson had a valid collection due process hearing before the IRS Appeals Officer.**

Carlson seeks to remand this case to the IRS Appeals Office on the grounds that Carlson was allegedly denied "a full, complete and impartial" CDP hearing by an allegedly biased Appeals Officer. These allegations are belied by the facts.

  **1. The Appeals Officer's alleged bias**

As an initial matter, the allegation of personal bias on the part of the Appeals Officer is untrue, unsupported by the record, and irrelevant.

The Appeals Officer's impartiality is prescribed and defined by statute. Under 26 U.S.C. 6330(b)(3), the CDP hearing must be conducted by an "impartial officer," defined as "an officer . . . who has had no prior involvement with respect to the unpaid tax . . . before the first hearing under [Section 6330] or section 6320." 26 U.S.C. 6330(b)(3). The Appeals Officer had no prior involvement with respect to the past-due liabilities in this case, (R. 012), and there is no allegation to the contrary. Accordingly, even if bias were admitted here for the sake of argument, the CDP hearing was held by an impartial officer.

The record demonstrates that the Appeals Officer did not act in a biased manner, and, in

fact, gave Carlson substantial time and notice to file her delinquent federal tax returns before and after the CDP hearing. The Appeals Office informed Carlson almost two months before the hearing that she had to file her income tax returns for 2001 through 2003 before any collection alternative could be considered. (R. 029-030.) A second such notice was sent to Carlson on September 8. (R. 022-024.) Despite the notices, Carlson failed to file her delinquent federal tax returns before the CDP hearing, and, at the CDP hearing, requested additional time to do so. The Appeals Officer agreed with Attorney Burke that Carlson would have an additional 45 days to file her delinquent returns. One week before the new deadline, Carlson requested yet another 30 days, citing her friend's injuries and her son's "mischief" as reasons. Deeming these purported reasons to be insufficient justification for a further delay in collection, the Appeals Officer denied the request for extension of time. There is no demonstrable bias on the part of the Appeals Officer, and, in fact, the record demonstrates her consistent attempts to work with Carlson to obtain the necessary filings.[3/] The Appeals Officer's determination with respect to further extensions of time is objectively reasonable, and may not be set aside as an abuse of discretion.

### 2. The Appeals Officer's conduct of the CDP hearing

The Appeals Officer made her determination in accordance with the law, after a proper

---

[3/] If Carlson is searching for bad faith, however, she should turn her attention to her own actions. Carlson withheld taxes from employees and failed to turn them over to the government for seven consecutive quarters. At the same time, she was required by law to file her federal income tax returns in April 2001, 2002, 2003, and 2004, respectively. She failed to file her returns, and only expressed an interest in doing so when she realized that it was necessary for her to file in order to present a processible offer in compromise to the IRS with respect to her Trust Fund Recovery Penalties. Of course, even then, filing federal tax returns didn't reach first place on Carlson's list of priorities. Instead, she showed up at the CDP hearing empty-handed, sought and received an additional 45 days, sought additional delay, and has prosecuted this appeal which completely stalls any collection of the past-due liabilities.

Collection Due Process hearing.

Section 6330(c) requires that the determination take into consideration the following: (1) the verification that requirements of any applicable law or administrative procedure have been met; (2) the issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. The Notice of Determination and the Summary and Recommendation attached to it clearly demonstrate that the CDP hearing and the subsequent determination incorporated all of the required considerations.

Section I of the Summary and Recommendation demonstrates that the Appeals Officer reviewed Carlson's administrative file and concluded that the information contained in the file showed that the IRS followed the law and administrative procedures in handling Carlson's case. (R. 011-012.) The Appeals Officer determined that a statutory lien had arisen upon Carlson's failure to pay the past-due liabilities after notice and demand was made. The Appeals Officer also determined that the Notice of Lien Filing was sent according to law, and that the requisite final notice of intent to levy was issued prior to commencement of collection action. Additionally, the Appeals Officer verified that Carlson was afforded a hearing before an impartial officer. Indeed, Carlson's pleading raises no issue as to the Appeals Officer's verification that the requirements of any applicable law or administrative procedure have been met.

Section II of the Summary and Recommendation demonstrates that the Appeals Officer considered the issues raised by Carlson, which were limited only to collection alternatives precluded from consideration by Carlson's own failure to file her tax returns and other required financial information. (R. 012-013.) The Appeals Officer considered the collection alternative

proposed by Carlson– an Offer-in-Compromise– but declined it because she had not filed her tax returns. The Appeals Officer also considered the possibility of an installment agreement or deeming Carlson's account uncollectible, but, for the same reason, determined those not to be viable alternatives. Carlson raised no other issues.

Section III of the Summary and Recommendation demonstrates that the Appeals Officer balanced the need for the efficient collection of taxes with the concern that the collection action be no more intrusive than necessary. The Appeals Officer considered the alternatives proposed by Carlson, to the extent that they could be considered because of Carlson's failure to file her tax returns for tax years 2000 through 2003; no viable collection alternative was ever proposed. Collection activity by the IRS was made necessary by Carlson's repeated failure to meet her filing obligations in the CDP context, and, of course, her filing requirements under the law, as well as her failure to offer any viable alternative for the collection of her past-due liabilities here.

II.     **THE APPEAL SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Carlson's pleading fails to state a claim upon which relief can be granted. While IRC § 6330(d) provides a taxpayer with a right to judicial review of the determination made at the CDP hearing, the she does not challenge Appeals Officer's determination. Instead, Carlson alleges that her last-minute request for additional time should have been accepted, and failure to accept it was a Constitutional violation. Apparently the alleged violation is the collection of the past-due liabilities without due process of law.

Carlson received due process and there are no facts in the record, or alleged by the appellant, that could lead to a determination that Carlson has a valid Constitutional claim. The determination of the Appeals Officer was correct in the context of Carlson's failure to comply with

information requests. In that context, there was no collection alternative submitted at all by Carlson. Without any collection alternative available to be considered, the Appeals Officer made her determination. The Appeals Officer followed the law, and made her determination in accordance with the law.

## CONCLUSION

For the reasons set forth herein, the United States' MOTION TO AFFIRM THE APPEALS OFFICER'S DETERMINATION OR TO DISMISS THE APPEAL, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT should be granted.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney


        /s/ Barry E. Reiferson
        BARRY E. REIFERSON
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 55
        Ben Franklin Station
        Washington, D.C. 20044
        Telephone: (202) 514-6058

Certificate of Service

IT IS HEREBY CERTIFIED that, on this 22nd day of April 2005, a copy of the foregoing document was sent to counsel for the appellant by first class mail.

/s/ Barry E. Reiferson
BARRY E. REIFERSON