## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

SUZANNE CARLSON,        )
                                    )
           Appellant        )
                                    )
v.                                 )     Civil Action No.  05-10227-WGY
                                    )
UNITED STATES OF AMERICA   )
                                    )
           Appellee        _)
_____ )

### THE UNITED STATES OF AMERICA'S OPPOSITION TO APPELLANT'S MOTION TO COMPEL PRODUCTION OF AN AUDIO RECORDING

Appellant Suzanne Carlson ("the Appellant") seeks judicial review, pursuant to 26 U.S.C. 6330(d), of the Appeals Officer's determination after a Collection Due Process hearing ("CDP hearing"), which commenced with a face-to-face meeting between the Appeals Officer and the Appellant's representative on October 14, 2004, upholding the Internal Revenue Service's determination to levy upon the Appellant's assets in order to satisfy her past-due federal employment tax liabilities totaling approximately $138,725.50 as of October 25, 2004.  The face-to-face meeting was audio-recorded by the Appellant, with the permission of the Appeals Officer, who also made an audio recording of the meeting.[1]  The Appeals Office's copy of the

_____

[1] The recent practice of the IRS Appeals Office, followed in this case, is to allow a taxpayer to make her own audio recording of a face-to-face meeting held under 26 U.S.C. Section 6320 or 6330, and when that is done, also to make its own recording as a prophylactic measure against the potential submission by the taxpayer of a fake or altered recording.  The recent practice stems from a United States Tax Court decision, *Keene v. Commissioner*, 121 T.C. 8 (July 8, 2003), in which the court held that a taxpayer must be allowed to record a CDP hearing pursuant to 26 U.S.C. 7521.  District courts have reached the opposite conclusion, holding that a recording need not be allowed.  *See Boyd v. United States*, 322 F. Supp. 2d 1229, 1232-1233 (D.N.M. 2004)(26 U.S.C. 7521 is inapplicable to CDP hearings, and "Requiring the IRS to permit audio recordings of CDP hearings would be administratively burdensome to the IRS"), *aff'd* 121 Fed. Appx. 348;  *Canaday v. United States*, Civ. No. 1:03-2050, 2004 WL 2367358 at *7 (SD W.Va. Aug. 31, 2004)(collection due process hearings are informal, non-compulsory hearings initiated

recording cannot be located, and therefore cannot be produced to the Appellant, who has her own copy.[2/]

After the Appellant filed the petition in this Court, the United States moved to affirm the Appeals Officer's decision or to dismiss the appeal, or, in the alternative, for summary judgment, and filed with that motion the administrative record.[3/]  The Appellant opposed the United States' motion, and filed a motion to compel production by the United States of its copy of the audio recording, even after the United States informed Attorney Halbig that the United States is unable to locate its own audio recording, and after the United States informed Attorneys Halbig and Burke that it does not oppose supplementation of the record by the Appellant with her audio recording of the face-to-face meeting.[4/]

The United States of America, by its undersigned counsel, opposes the Appellant's motion to compel production of an audio recording of a collection due process hearing for the following reasons: (i) the United States does not have possession, custody, or control of the audio

---

upon the taxpayer's request and are not required to be recorded);  *Yuen v. United States*, 290 F.Supp.2d 1220, 1225-1226 (D.Nev. 2003); *Rennie v. Internal Revenue Service*, 216 F.Supp.2d 1078, 1079 n.1 (ED Cal. 2002).

[2/] The United States conducted a diligent search for the audio recording, but is unable to locate it. The Appeals Office has since adopted procedures to better secure any audio recordings.

[3/] The administrative record consists of the materials used by the Appeals Officer to make her determination which is being reviewed by this Court for abuse of discretion.  The audio recording was not relied upon by the Appeals Officer, and the United States' copy no longer exists to be part of the administrative record.  Nonetheless, the United States does not object to supplementation of the record with the audio recording in the possession, custody, or control of the Appellant.

[4/] The Appellant's motion also contains a request for instructions as to how the recording should be produced.  The United States does not oppose the request for instructions.

2

recording the Appellant seeks; (ii) the Appellant's motion is without legal authority and is

premature because she has not requested production of the audio recording; and (iii) the

Appellant has not filed the motion to compel in good faith.

**I.    THE AUDIO RECORDING IS NOT IN THE POSSESSION, CUSTODY, OR CONTROL OF THE UNITED STATES**

The United States cannot be compelled to produce a recording that is not in its

possession, custody, or control.  There is no prejudice to the Appellant, however, if she

supplements the record with the recording of the CDP hearing that she requested and made.


**II.   THERE IS NO LEGAL AUTHORITY TO COMPEL PRODUCTION OF AN AUDIO RECORDING IN THIS APPEAL**

The Appellant cites no legal authority, and no legal authority exists, to compel the

production of an audio recording of a face-to-face meeting held under 26 U.S.C. Sections 6320

and 6330.  To the extent that the Appellant argues that the United States may be compelled to

produce the audio recording pursuant to Fed.R.Civ.P. 37, the Appellant has not requested

production of the recording, and her motion is premature.  Additionally, this is an appeal based

on an administrative record, and therefore discovery rules such as Rule 37 are inapplicable.


**III.  THE APPELLANT HAS NOT FILED THE MOTION TO COMPEL IN GOOD FAITH**

The Appellant has not filed the motion to compel in good faith, as counsel filed the

motion with knowledge that the United States does not have a recording of the CDP hearing,

with knowledge that the Appellant has her own recording of the hearing, and without even a

suggestion that the Appellant intends to or desires to use a recording to support her claims.[5/]

Attorneys Burke and Halbig contacted the undersigned attorney for the Appellee after the Court

scheduled the hearing on the United States' motion to affirm or dismiss, in order to seek assent to

a continuance, which was given.  They also raised the issue of the audio recording, representing

that they had a copy, and suggesting that a copy should be made part of the record on appeal.

The undersigned stated that he did not object to their supplementation of the record with their

copy of the recording.  The next contact between counsel for the parties was on May 12, 2005

when Attorney Halbig contacted the undersigned to obtain suggested dates for a continued

hearing, and to advise that the Appellant intended to file a motion to compel production of the

recording in which she would "note [the Appellee's] opposition."  The undersigned stated that

the recording had not been requested, the United States does not have a copy to produce, and the

United States does not object to production of the recording by the Appellant.

Rather than supplementing the record with the audio recording in her control, the

Appellant filed the motion to compel, thereby concocting an issue.  The reason for the concoction

is suggested in the Appellant's opposition to the United States' motion to affirm or dismiss– to

generate an issue upon which she can argue that a remand is necessary.  In her opposition, the

Appellant states that the "record is inadequate" in part because the United States has "not

included a copy or transcript of the recorded hearing."  (App. Opp. To Mot. To Affirm at p. 7.)

She then states that the alleged inadequacy "requires that the matter be remanded."  (App. Opp.

---

[5/] It is difficult to imagine how a recording of the face-to-face meeting can shed any light on
whether, as the Appellant alleges, the Appeals Officer abused her discretion in denying an
extension of time forty-five days after the recorded meeting.

To Mot. To Affirm at p. 10.)[6]  The Appellant does not state that the recording contains anything that may assist the Court in adjudicating this matter and the Appellant neglects to inform the Court that she has a copy of the recording which she can provide, to the extent she is interested in a determination on the merits of the appeal.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Barry E. Reiferson
BARRY E. REIFERSON
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Washington, D.C.  20044
 Telephone: (202) 514-6058

IT IS HEREBY CERTIFIED that, on this 19th day of May 2005, I electronically filed the above document using the CM/ECF system which will send notification of such filing to counsel for the Appellant.

/s/ Barry E. Reiferson

---

[6] There is no support for the proposition that the absence of the United States' copy of the recording "requires that the matter be remanded."  In fact, this case would not be ripe for a remand to the Appeals Office even if the Appellant's request to make a recording were refused, unless the refusal prejudiced the Appellant.  *Boyd v. United States*, 121 Fed. Appx. 348 (10th Cir. 2005).  Here, the request to make a recording was honored, and the Appellant still has that recording, available for production.

5