**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| SUZANNE CARLSON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Civil Action No.  05-10227-WGY |
| | ) | |
| UNITED STATES OF AMERICA | ) | Chief Judge Young |
| | ) | |
| Appellee. | ) | |

**UNITED STATES OF AMERICA'S OPPOSITION TO**
**APPELLANT'S MOTION TO EXPAND THE RECORD**

The appellant, Suzanne Carlson ("Carlson"), seeks judicial review, under 26 U.S.C.

§§ 6320(c) and 6330(d)(1), of the determination of the Internal Revenue Service Appeals Officer

sustaining the United States' Notice of Federal Tax Lien and the Internal Revenue Service's

intent to levy Carlson's assets in order to satisfy Carlson's past-due federal tax liabilities. The

Court heard arguments on the UNITED STATES OF AMERICA'S MOTION TO AFFIRM THE APPEALS

OFFICER'S DETERMINATION OR TO DISMISS THE APPEAL, OR, IN THE ALTERNATIVE, FOR SUMMARY

JUDGMENT, and took the matter under advisement on June 13, 2005.  More than one month later,

Carlson now seeks to expand the record to include a small portion of the National Taxpayer

Advocate 2004 Annual Report to Congress ("the Advocate's Report"), which was submitted to

Congress on December 31, 2004.[1/]  Carlson contends that the Advocate's Report should be made

---

[1/]  The Office of the Taxpayer Advocate and its duties are prescribed by 26 U.S.C. § 7803(c).
Under § 7803, the Taxpayer Advocate must annually submit to Congress a report containing,
among other things, a summary of problems encountered by taxpayers and recommendations that
may be appropriate to resolve those problems.

   Carlson's motion to expand the record is untimely.  Carlson filed this appeal on February 4,
2005 without even mentioning the existence of the Advocate's Report, which had been in the
public domain for more than a month by then.  Carlson was again silent as to the Advocate's

part of the record because it includes a description of certain IRS procedures with respect to

offers-in-compromise ("OICs"), and allegedly evidences an abuse of discretion by the Appeals

Officer.  The First Circuit has already rejected this argument.

In Olsen v. United States, 2005 U.S. App. LEXIS 13578 (1st Cir. Mass. July 8, 2005), a

strikingly similar case brought under 26 U.S.C. § 6330, the First Circuit rejected a taxpayer's

argument that the record should be expanded to include "public information suggesting the IRS's

bias against offers in compromise."[2/]  Id. at *33.  As the First Circuit noted, "[t]he Supreme Court

has consistently stated that review of administrative decisions is 'ordinarily limited to

consideration of the decision of the agency . . . and of the evidence on which it was based,' and

that 'no de novo proceeding may be held.'"  Id. at *30 (citing United States v. Carlo Bianchi &

Co., 373 U.S. 709, 714-15, 10 L. Ed. 2d 652, 83 S. Ct. 1409 (1963)).  It is well-settled that

"[t]he focal point for judicial review should be the administrative record already in existence, not

some new record made initially in the reviewing court." Camp v. Pitts, 411 U.S. 138, 142, 36 L.

Ed. 2d 106, 93 S. Ct. 1241 (1973); Olsen v. United States, U.S. App. LEXIS 13578 at *30.

While there are rare instances in which inquiry into matters outside the administrative record is

acceptable, such inquiry is limited to circumstances where there has been "a strong showing of

---

Report more than five months later at the June 13 hearing.  Carlson does not address these
failures in her motion and she should not be heard to argue that this was newly discovered
information.  The 2004 Advocate's Report was submitted to Congress on December 31, 2004.
As Carlson points out in her motion, similar information with respect to OICs was publicly
available in each annual Taxpayer Advocate report since 2000 (Mot. to Expand the Record at 3.)
Indeed, Carlson's attorney filed a nearly identical motion to expand the record in another case
three weeks earlier.  See Taramark v. United States, Civ. No. 03-12011-GAO (D. Mass.).

[2/] The taxpayer in Olsen v. United States was represented in the district court proceeding and in
the circuit court proceeding by Attorney Burke, who represents Carlson here.

bad faith or improper behavior" by the administrative decisionmaker, see Citizens to Preserve

Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971), or where there is a "failure to explain

administrative action as to frustrate effective judicial review," see Camp v. Pitts, 411 U.S. at

142-43.  In this case, Carlson has made no showing whatsoever that the Appeals Officer acted

improperly or in bad faith, or that the administrative record prevents effective judicial review.  In

fact, the record is clear that the Appeals Officer gave repeated notices to Carlson informing her

that she had to file her past-due federal income tax returns before an offer-in-compromise could

be considered in the collection-due-process ("CDP") hearing.  The Appeals Officer also gave

Carlson additional time– more than 45 extra days, as agreed to by the Appeals Officer and by

Carlson's counsel– after the CDP hearing to file her tax returns.  Carlson failed to file, despite the

legal requirement to do so years earlier, and despite the notices and opportunities afforded by the

Appeals Officer.[3/]  The administrative record amply explains and supports the Appeals Officer's

determination sustaining IRS's intent to levy, and keeping the Notice of Federal Tax Lien on file.[4/]

---

[3/] The facts of this case are described in detail and with citations to the record in the United States' MEMORANDUM IN SUPPORT OF THE UNITED STATES OF AMERICA'S MOTION TO AFFIRM THE APPEALS OFFICER'S DETERMINATION OR TO DISMISS THE APPEAL, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT.

[4/] The portions of the Advocate's Report that Carlson seeks to add to the record are inapplicable and irrelevant, and do not support her positions.  Carlson did not file an OIC with the IRS as they are supposed to be filed.  Instead, she chose to file the OIC as a collection alternative as part of the collection-due-process hearing with the IRS Office of Appeals.  The portion of the Advocate's Report cited by Carlson relates to problems encountered by unnamed taxpayers, in other cases, working with the IRS officers who receive those other OICs.  Carlson circumvented the IRS offices that process OICs, and instead went straight to the Appeals Office.  The cited portions of the Advocate's Report do not address the Appellant's chosen procedure.

**CONCLUSION**

Based on the foregoing reasons, the appellant's motion to expand the record should be

denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


/s/ Barry E. Reiferson
BARRY E. REIFERSON
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 514-6058

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that, on this 2nd day of August, 2005, a copy of the foregoing United
States' Opposition to Appellant's Motion to Expand the Record was sent to counsel for the Appellant
by first class mail.

/s/ Barry E. Reiferson