UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SUZANNE CARLSON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Civil Action No.  05-10227-WGY |
| | ) | |
| UNITED STATES OF AMERICA | ) | Chief Judge Young |
| | ) | |
| Appellee. | ) | |

## UNITED STATES OF AMERICA'S OPPOSITION TO APPELLANT'S MOTION FOR A TRIAL *DE NOVO*

The appellant, Suzanne Carlson ("Carlson"), seeks judicial review, under 26 U.S.C. §§ 6320(c) and 6330(d)(1), of the determination of the Internal Revenue Service Appeals Officer sustaining the United States' Notice of Federal Tax Lien and the Internal Revenue Service's intent to levy Carlson's assets in order to satisfy Carlson's past-due federal tax liabilities. The Court heard arguments on the UNITED STATES OF AMERICA'S MOTION TO AFFIRM THE APPEALS OFFICER'S DETERMINATION OR TO DISMISS THE APPEAL, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, and took the matter under advisement on June 13, 2005.  Carlson's motion lacks the requisite memorandum of reasons why the motion should be granted.  In fact, the one-page motion lacks any legal or factual support whatsoever.  Instead, the motion vaguely references "newly discovered information"– which is really newly created information– that allegedly demonstrates "deficient" IRS methods that "damage[]" unnamed persons seeking to compromise their past-due tax liabilities.  Carlson seems to argue that a trial must be held to examine the "reasons for" the IRS's "methodology" in considering Offers-in-Compromise ("OICs"), and to

adduce evidence of the United States' alleged bias against OIC applicants.[1]

Carlson's motion should be denied because she failed to file the requisite memorandum of reasons under Local rule 7.1(b)(1), and for the following reasons: (i) 26 U.S.C. § 6330 provides only for a judicial review, not a trial, and the United States has not waived its sovereign immunity to allow for judicial review of IRS procedures or policies; and (ii) the appellant is not entitled to a *de novo* review of the denial of a proposed collection alternative.

### I. The Trial *De Novo* Sought by the Appellant Is Barred by the United States' Sovereign Immunity

While the United States has waived its immunity to appellate review of administrative determinations made under 26 U.S.C. § 6330, that waiver is not so broad as to encompass the judicial review of the "reasons for" the IRS's procedures or policies in considering offers-in-compromise or other collection alternatives. Under settled principles of sovereign immunity, "the United States, as sovereign, is immune from suit, save as it consents to be sued . . . and the terms of the consent to be sued in any court define that court's jurisdiction to entertain that suit."

---

[1] Carlson states in her contemporaneous motion to expand the record in this case that evidence of bias may be found in the National Taxpayer Advocate 2004 Annual Report to Congress ("The Advocate's Report"). Presumably, the Advocate's Report is the source of what Carlson purports here to be "newly discovered evidence." The Office of the Taxpayer Advocate and its duties are prescribed by 26 U.S.C. § 7803(c). Under § 7803, the Taxpayer Advocate must annually submit to Congress a report containing, among other things, a summary of problems encountered by taxpayers and recommendations that may be appropriate to resolve those problems. The portions of the Advocate's Report that Carlson seeks to add to the record are inapplicable and irrelevant, and do not support her positions. Carlson did not file an OIC with the IRS as it is supposed to be filed. Instead, she chose to file the OIC as a collection alternative as part of the collection-due-process hearing with the IRS Office of Appeals. The portion of the Advocate's Report cited by Carlson relates to problems encountered by unnamed taxpayers, in other cases, working with the IRS officers who receive those other OICs. Carlson circumvented the IRS offices that process OICs, and instead went straight to the Appeals Office. The cited portions of the Advocate's Report do not address Carlson's chosen procedure, nor do they address cases such as this in which a taxpayer repeatedly fails to provide an Appeals Officer with information and tax returns.

United States v. Dalm, 494 U.S. 596, 608 (1990) (quoting United States v. Testan, 424 U.S. 392, 399 (1976)).  The waiver of the federal government's immunity from suit must be strictly construed, and unequivocally expressed, and cannot be implied.  See United States v. King, 395 U.S. 1, 4 (1969); United States v. Sherwood, 312 U.S. 584, 586 (1941).  The effect of this doctrine is to allow suit against the United States only through consents established by Congress, via specific waivers of sovereign immunity.  It is therefore dependent upon the party asserting jurisdiction to prove that Congressional consent exists.  See, e.g., Coventry Sewage Associates v. Dworkin Realty Co., 71 F.3d 1, 4 (1st Cir. 1995).

One such waiver is incorporated in 26 U.S.C. § 6330 which provides the statutory mechanisms for seeking judicial review of an IRS Notice of Determination following a CDP hearing.  This waiver of sovereign immunity is limited to judicial review– not a trial– of an IRS Notice of Determination, and only insofar as the Court may **review** the issues raised in the CDP hearing.  26 U.S.C. 6330(d); 26 C.F.R. 301.6330-1(f)(2)(QF-5) (emphasis added).  The issues raised in a CDP hearing may not include the IRS's policies and procedures, and the reasons for them.  26 U.S.C. 6330(d); 26 C.F.R. 301.6330-1(e).

**II.    The Appellant Is Not Entitled to a *De Novo* Review of the Denial of a Proposed Collection Alternative**

Insofar as Carlson seeks a *de novo* review of the Appeals Officer's determination with respect to collection alternatives, such a review is not allowed.  "The Supreme Court has consistently stated that review of administrative decisions is 'ordinarily limited to consideration of the decision of the agency . . . and of the evidence on which it was based[.]'" Olsen v. United States, 2005 U.S. App. LEXIS 13578 at *30 (1st Cir. Mass. July 8, 2005) (quoting United States v. Carlo Bianchi & Co., 373 U.S. 709, 714-15, 10 L. Ed. 2d 652, 83 S. Ct.

1409 (1963)).² Where neither the plain language of the statute or the legislative history set forth the standard for review, no *de novo* proceeding may be held. United States v. Carlo Bianchi & Co., 373 U.S. 709, 715 (1963); Consolo v. FMC, 383 U.S.607, 619 n. 17 (1966).  While 26 U.S.C. § 6330(d) is silent as to the standard of review, courts have adopted the two-tiered approach found in the legislative history of the Restructuring and Reform Act.  Under that approach,

> [w]here the validity of the tax liability was properly at issue in the hearing, and where the determination with regard to the tax liability is part of the appeal, no levy may take place during the pendency of the appeal. The amount of the tax liability will in such cases be reviewed by the appropriate court on a *de novo* basis. Where the validity of the tax liability is not properly part of the appeal, the taxpayer may challenge the determination of the appeals officer for abuse of discretion.

Living Care Alternatives of Utica, Inc. v. United States, __ F.3d __, 2005 U.S. App. LEXIS 10034, 2005 WL 1384451, at *10, n5 (6th Cir. June 2, 2005) (citing Goza v. Commissioner, 114 T.C. 176, 181 (2000) (quoting with approval H.R. Conf. Rept. No. 105-599, at 266 (1998)).  See also, Olsen v. United States, 2005 U.S. App. LEXIS 13578 at *15 (1st Cir. Mass. July 8, 2005). Carlson only challenges the Appeals Officer's determination with respect to collection

---

²Olsen v. United States, was, as is this case, an appeal of an administrative determination under 26 U.S.C. § 6330.  Olsen was represented by Attorney Burke, as is Carlson here.  In Olsen, the First Circuit upheld the Appeals Officer's determination, even though Olsen argued, as does Carlson, that the record should have been supplemented with "public information suggesting the IRS's bias against offers in compromise." Olsen v. United States 2005 U.S. App. LEXIS 13578 at *33.

The First Circuit also found in Olsen that the taxpayer's claim of entitlement to a trial *de novo* had been waived because it was not raised in the district court. Olsen v. United States 2005 U.S. App. LEXIS 13578 at *28-*29.  Carlson is apparently attempting to prevent a waiver by raising it here– albeit without any legal or factual support.

alternatives, which is reviewable only for abuse of discretion.[3]

CONCLUSION

Based on the foregoing reasons, the appellant's motion for trial *de novo* must be denied.

> Respectfully submitted,
>
> MICHAEL J. SULLIVAN
> United States Attorney
>
>
> /s/ Barry E. Reiferson
> BARRY E. REIFERSON
> Trial Attorney, Tax Division
> U.S. Department of Justice
> Post Office Box 55
> Ben Franklin Station
> Washington, D.C.  20044
> Telephone: (202) 514-6058

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that, on this 4th day of August, 2005, a copy of the foregoing United States' Opposition to Appellant's Motion for a Trial *De Novo* was sent to counsel for the appellant by first class mail.

/s/ Barry E. Reiferson

---

[3] Because of Carlson's repeated failure to comply with information requests and to file her federal income tax returns, there was no collection alternative submitted at all. Without any collection alternative available to be considered, the Appeals Officer made her determination. The Appeals Officer followed the law, and made her determination in accordance with the law.