**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____
**SUZANNE CARLSON,**             }
                                 }
    **Appellant,**              }
                                 }
    **v.**                      }    **CIVIL ACTION NO. 05-10227-WGY**
                                 }
**UNITED STATES OF AMERICA**     }
                                 }
    **Appellee.**               }
_____}

### THE APPELLANT, SUZANNE CARLSON'S MOTION TO SUPPLEMENT
### HER MOTION FOR A TRIAL *DE NOVO*

The Appellant, Suzanne Carlson, moves this honorable Court to allow her to supplement her Motion for a Trial *De Novo*. As reasons therefore, the Appellant states the following:

1.  Only July 8, 2005 a judgment was entered by the United States Court of Appeals for the First Circuit in <u>Richard E. Olsen v. United States</u>, Docket No. 04-2156. In its decision the <u>Olsen</u> Court stated the following:

> The Supreme Court has consistently stated that review of administrative decisions is "ordinarily limited to consideration of the decision of the agency . . . and of the evidence on which it was based," and that "no de novo proceeding may be held." *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 714-15 (1963).
>
> It is true the instant record is not of a formal adjudication.
>     . . .
>
> In the event the administrative record is found inadequate for judicial review, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." [*Lorion* 470 U.S. at 744]; *see also Carlo Bianchi*, 373

       U.S. at 718 (remand "would certainly be justified where the department had failed to make adequate provision for a record that could be subjected to judicial scrutiny"); *Fed. Communications Comm'n v. ITT World Communications, Inc.*, 466 U.S. 463, 469 (1984) ("If . . . the Court of Appeals finds that the administrative record is inadequate, it may remand of the agency or in some circumstances refer the case to a special master.") (citations omitted).

    2.   Relying on the decision in Olsen, the Appellant filed her Motions to Expand the Record and for a Trial *De Novo*.

    3.   On July 19, 2005 the Appellant moved this Court to expand the record to include newly discovered evidence regarding the Internal Revenue Service's methodology for evaluating Offers in Compromise. The Motion included as an Addendum a portion of the Taxpayer Advocate's Report to Congress for the year 2004 (pages 311 through 337) and a Memorandum of Law in Support of Her Motion to Expand the Record.

    4.   On July 22, 2005 the Appellant moved this Court for a Trial *De Novo* wherein she referred to her Motion to Expand the Record and the need for a new trial "to ascertain the reasons for the failed methodology and to adduce evidence of the defendant's bias against applicants for an OIC."

    In recognition of the fact that the Appellant's reliance on the Olsen decision and her Motion to Expand the Record is not sufficiently clear in her Motion for a Trial *De Novo* she moves the Court to grant this Supplement in order to fully satisfy the requirements of Local Rule 701(b)(1).

        Suzanne Carlson,
        By her attorney,


        /s/ Timothy J. Burke
        Timothy J. Burke
        Burke & Associates
        400 Washington Street
        Braintree, MA 02184
        (781)380-0770


**Appellant's Certificate of Compliance with Local Rule 7.1.**

    Appellant's counsel hereby certifies that his office telephoned counsel for the Appellee, Barry Reiferson on August 5, 2005 around noon and was unable to speak with him. Appellant's counsel then faxed a draft for Attorney Reiferson to review and indicate his opposition, if any to the Appellant's Motion. We did not receive any response from Attorney Reiferson and were therefore unable to narrow the issue.

        /s/ Timothy J. Burke


**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that a true copy of the above document was served upon the attorney of record via facsimile and first class mail on August 5, 2005.

        /s/ Timothy J. Burke